NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL R. TREMPER,  Plaintiff,  v.  CORRECT CARE SOLUTIONS, et al.,  Defendants. | Civil Action No. 13-3626 (FLW)  OPINION |

**APPEARANCES**:

    DANIEL R. TREMPER
    Talbot Hall
    100-140 Lincoln Way
    Kearny, NJ 07032
    Plaintiff *Pro Se*

    SEAN X. KELLY
    MELISSA JENNIFER BROWN
    6981 n. Park Drive – Suite 300
    Pennsauken, NJ 08109
    Attorneys for Defendants

**WOLFSON, District Judge**:

On April 7, 2013, Plaintiff Franklin Gardner, a New Jersey inmate, filed a Complaint in the Superior Court of New Jersey, Monmouth County, against Defendants Correct Care Solutions and the Monmouth County Correctional Institution (collectively, "Defendants"). On June 18, 2013, Defendants filed a notice of removal in this Court, together with a notice of motion to dismiss the Complaint or, alternatively, for summary judgment. For the reasons expressed in this Opinion and, as required by 28 U.S.C. § 1915A, this Court will dismiss the federal claims raised in the Complaint without prejudice and remand the matter to the Superior Court of New Jersey, Law Division, Monmouth County.

## I. BACKGROUND

Daniel R. Tremper brings this action against Correct Care Solutions and Monmouth County Correctional Institution for deliberate indifference to his serious medical needs under 42 U.S.C. § 1983 and for negligence under the New Jersey Tort Claims Act. (Complaint, ECF No. 6-1.) He asserts the following facts which this Court will regard as true for the purposes of this review. Tremper alleges that in November 2011, while confined at MCCI as a pretrial detainee, he injured his foot when another inmate landed on his foot during a basketball game. After he was sent to the medical department, he informed a nurse, who was presumably employed by Defendant Correct Care Solutions, that it felt as if he had broken a bone in his foot, but the nurse took no action other than giving him ice. He asserts that when he could no longer walk due to the pain in his foot, he asked an unspecified person to order an x-ray, but "Correct Care Solutions refused Plaintiff an x-ray or any other examination by a doctor." *Id.* at 2. He alleges that Correct Care Solutions took x-rays of his foot one month later, after the foot had become swollen, red, and purple, and the x-rays confirmed that a bone in his foot had been broken. Tremper asserts that "[t]he doctor for [Correct Care Solutions] advised plaintiff that he would not apply a cast to the foot because of the delay in treatment[, and that] he would suffer permanent pain for the rest of his life." *Id.* at 3.

Tremper asserts that, although he injured his foot and ankle again in May 2012, "defendants refused Plaintiff an x-ray until a few days later[, and then informed him that "the x-rays were negative and no further treatment was provided." (Complaint, ECF No. 6-1 at 3.) He alleges that he was transferred to Mid-State Correctional Facility ("Mid-State") and in August 2012, the medical unit at Mid-State took additional x-rays "which showed swelling in the ankle still and the broken bone in the foot wasn't healing properly." *Id.* For violation of his rights, Tremper seeks damages of $500,000 from each defendant.

## II. STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A(a) because Plaintiff is a prisoner within 28 U.S.C. § 1915A(c) and he "seeks redress from a governmental entity."

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

## III. DISCUSSION

A. <u>Federal Claims</u>

Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2] To recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). As an initial matter, this Court notes that Tremper sues Monmouth County Correctional Institution as a defendant, but a county jail is not a "person" subject to suit under 42 U.S.C. § 1983 pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 688-90 (1978). *See Russell v. City Of Philadelphia*, 428 F. App'x. 174, 177 (3d Cir. 2011) (holding that the Philadelphia Prison System is not a "person" under § 1983); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890, 893-894 (E.D. Va. 1992). Because a jail is not a person subject to suit for violation of constitutional rights, this Court will dismiss all federal claims against the jail. *Id.*

Tremper also claims that Correct Care Solutions is liable under § 1983 for violation of his constitutional rights. This Court construes the Complaint as asserting that Correct Care Solutions

---

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

was the contract medical care provider at Plaintiff's jail, and that this defendant employed the nurse who provided ice for treatment at the time of Plaintiff's injury. An entity like Correct Care Solutions cannot be found liable under § 1983 simply because it employed a nurse or a doctor who allegedly violated an inmate's constitutional rights. *See Monell.*, 436 U.S. at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). For Correct Care Solutions to be found liable under § 1983, Plaintiff must assert in the Complaint facts showing that Correct Care Solutions had a relevant policy or custom, and that this policy or custom caused the alleged constitutional violation. *See Natale*, 318 F.3d at 583-84; *accord Jiminez v. All American Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (stating that a plaintiff must show a "direct causal link between a . . . policy or custom and the alleged constitutional deprivation.") (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). On this point, the Complaint is devoid of any allegations suggesting that the alleged initial denial of adequate care by the nurse, or the alleged failure to order a timely diagnostic test were the result of a custom or policy of Correct Care Solutions. Because the Complaint fails to specify a custom or policy of Correct Care Solutions that caused the violation of Plaintiff's constitutional rights, it fails to state a claim under § 1983 against the entity.

B.  <u>Defendants' Motion To Dismiss Or For Summary Judgment</u>

As this Court is dismissing the federal claims raised in the Complaint at the initial screening stage, this Court will deny defendants' motion to dismiss, or for summary judgment, as moot.

C.  <u>Remand</u>

Defendants' Notice of Removal states that removal is proper under 28 U.S.C. 1441(a) because the civil action includes a claim arising under the Constitution, laws, or treaties of the

5

United States within the meaning of 28 U.S.C. 1331. As this Court is dismissing the federal claims over which it had original jurisdiction, this Court will remand the case to the Superior Court of New Jersey, Law Division, Monmouth County. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded.")

### III.   CONCLUSION

This Court dismisses the federal claims raised in the Complaint pursuant to 28 U.S.C. § 1915A(b), denies defendants' motion to dismiss as moot, and remands the case to the Superior Court of New Jersey, Monmouth County.

  /s/ Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**

DATED:   January 29, 2014